IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JULIA M. ROBINSON,

    Plaintiff,

v.

FEDEX INC., FEDEX, FEDEX
OFFICE, JANE DOES, and JOHN
DOES,

    Defendants.

CIVIL ACTION FILE

NO. 1:23-CV-00043-MHC

## ORDER

On May 24, 2023, the Court granted in part FedEx Office and Print Services, Inc. ("FedEx Office and Print"),[1] and FedEx (collectively, "FedEx")'s Motion to Dismiss, dismissing Plaintiff's claims brought pursuant to the Federal Tort Claims Act ("FTCA") and 42 U.S.C. § 1983. May 24, 2023, Order [Doc. 15] at 15-23, 32-33. To the extent Plaintiff was attempting to assert some other claim against FedEx, the Court found that Plaintiff's Complaint was a shotgun pleading

> replete with factual allegations and rambling legal conclusions . . . comprised of disjointed factual allegations coupled with myriad cut and pasted legal citations that make little sense and leave the Court (and

---

[1] FedEx Office and Print is incorrectly identified in the Complaint [Doc. 1] as FedEx, Inc.

presumably any defendant) guessing as to what claim(s) she is asserting and making it impossible to discern what factual allegations might support any claim.

Id. at 23-26. "Due to the nature of the disjointed factual narrative, the myriad superfluous legal citations, and the fact that Plaintiff has not separately listed any cause of action, the Court is unable to discern a factual basis for any claim." Id. at 26. Given Plaintiff's pro se status, the Court gave Plaintiff an opportunity to amend her Complaint to cure the shortcomings identified by the Court, including her failure to identify any plausible legal cause of action against FedEx in separate numbered counts and to identify the factual allegations that supported any cause of action. Id. at 27-28, 32-33. Plaintiff was warned that a "failure to amend her complaint in accordance with th[e] order will result in dismissal of plaintiff's complaint against FedEx." Id. at 33.

Plaintiff filed an Amended Complaint [Doc. 16] within the time permitted. However, the amended pleading does not comply with this Court's Order. Plaintiff's Amended Complaint fails to identify any plausible legal cause of action against FedEx in separate numbered counts and fails to identify any factual allegations that would support any plausible cause of action.

Accordingly, it is hereby **ORDERED** that the Complaint is **DISMISSED WITH PREJUDICE** for failure to comply with a lawful order of the Court. See

2

LR 41.3A(2), NDGa. ("The court may, with or without notice to the parties, dismiss a civil case for want of prosecution if: . . . A plaintiff or plaintiff's attorney shall, after notice, . . . refuse to obey a lawful order of the Court in the case . . . ."); May 24, 2023, Order.[2]

    The Clerk is **DIRECTED** to close this file.

    **IT IS SO ORDERED** this 12th day of June, 2023.

                                                      _____
                                                      MARK H. COHEN
                                                      United States District Judge

---

[2] Because the remaining named Defendants are **DISMISSED**, the Jane and John Doe defendants are also **DISMISSED**. See Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) ("As a general matter, fictitious party pleading is not permitted in federal court."); Edwards v. Ala. Dep't of Corrections, 81 F. Supp. 2d 1242, 1257 (M.D. Ala. 2000) (dismissing fictitious defendants after the grant of named defendants' motion to dismiss).